Good morning everyone. The panel has reported two cases of both being argued this morning. The first case is appeal number 2007-1066 Hyatt v. Dudas. Mr. Hatt, good morning to you. Welcome. Please proceed. Good morning, Your Honors. May it please the Court. Judge Kennedy refused to consider two documents in this case, and had he considered either document, he could not have granted summary judgment to the PTO. The two documents are Mr. Hyatt's request for re-hearing before the Board and Mr. Hyatt's declaration that was submitted to the District Court. Now, had either of those documents been considered, Judge Kennedy would have been required to review the case of De Novo because he would not have been reviewing the same record that was considered by the PTO. And had he reviewed the case De Novo, we submit that it's plain that there is a disputed material fact, that is, specifically whether the disclosure is adequate under 112, to show that Mr. Hyatt was in possession of the 3978 claims that were rejected. You're not asking us to rule on that, though, so you're asking us to reverse and remand. You're not asking us to actually say that we believe there's a disputed issue with that, are you? No, there is a statement at the end of the brief, Judge Moore, where we do argue that the evidence of record disregarded in these two documents is nonetheless sufficient to show disclosure under 112. That issue is briefed. But the primary issue on appeal is the exclusion of the evidence and what the rules should be in 145 actions for receipt of new evidence by the District Court. Are you suggesting that if there is new evidence received, that no deference at all should be given to the PTO? This court's precedents, Judge Ike, on that are a little bit, I submit, vague. The court has ruled that some deference is given, but it is a De Novo review if new evidence is received. Well, it's only to the extent of the new evidence. That's correct, but that's a distinction that, frankly, I think is somewhat difficult to manage and to where it winds up on the spectrum. But that is the law of the circuit as established by this court. But given the expertise of the PTO, why shouldn't an applicant be required to submit everything to the PTO so that the PTO will have a chance to bring its expertise to data on the evidence? As a policy matter, Congress has decided that that's not the law. Congress has decided in the 145. Well, that's not clear. I mean, that's the question before us. We haven't decided that. This court has not decided that, but we think that the tenor of this court's decisions on the 145 is to say that there is a right on the part of the applicant to submit new evidence in a 145 proceeding. It's important to preserve the distinction between a 145 proceeding and a 141. Before you get into that, it seems to me we should examine what we mean by new evidence. As Judge Dyke's questions may have implied, if the evidence offered for the first time in the district court could as easily have been offered to the PTO, there's a lot of logic in requiring that the applicant do so and to enforce that by excluding it if he fails to do that and tries to, for the first time, submit the evidence in the district court. There is logic to that, Judge Michel. And that's why it's important to focus in this case on exactly what happened, because Mr. Hyatt did submit his full arguments to the PTO at the first opportunity he had to do so. Well, it's not the substance of his declaration. My question is, why couldn't he, why shouldn't he have submitted the declaration that he offered in the district court to the examiner and the board? He did submit the substance of the 112 arguments to the board in his request for re-hearing. The declaration… It was a legal argument. Well, it also was accompanied by some exhibits that were factual evidence. But it wasn't deacidated, right? No, there was no reason to put the affidavit. If you compare the affidavit with the request for re-hearing, the affidavit is addressed to the court and goes into matters such as personal expertise and some description of PTO proceedings that the board didn't need to have before, because that's within the board's expertise within the PTO. Well, wait a minute. It seems to me that the applicant in Hyatt's position probably considers that he has much better expertise than the three board panel members. Why would he want to take the chance that they'll read the specification the way he does, as opposed to giving his reading as an even better artist? That question needs to be answered by looking at the time frame of this case, Judge Michelle. This case went up to the board prior to this court's decision in Hyatt 1. And it wasn't until this court's decision in Hyatt 1 that it was clear to applicants that all the examiner had to do in any case to cast a burden back on the applicant was to say, I don't find it, and that that was sufficient to require the applicant to come forth before the examiner. Mr. Hyatt's appeal to the PTO, to the board, occurred prior to Hyatt 1 when the law wasn't clarified. And at that time, he had to submit a very reasonable belief that when the examiner simply says, it's not there, that that's not enough to create a prima facie case under 112. That was the thrust of the appeal to the board. And for that same reason, in his opening brief, in his reply brief prior to the board's decision, he restricted himself to an overview of his invention. He didn't try to rebut specific objections because the objections were vague. They were without substance. When the examiner said, it's not there, you don't know what the grounds of the debate are. The board provided for the first time in its decision, when it rejected 38 of the examiner's objections and affirmed 79 of them, the board provided for the very first time in this case an explication of what it found to be deficient in the specification. Mr. Hyatt immediately responded with an appropriate reference to the materials in his original application that showed that he possessed the invention at the time of the application. But I didn't see this argument in the brief. That is, the argument that he didn't submit the affidavit before the board because he misunderstood the burden of proof. I think it's implicit. It's important to recognize, Judge Sykes, that the briefing in this case also occurred prior to Hyatt won. He did clearly, in his brief to the board on the opening round, he clearly took the position that the examiner had offered. I'm talking about the briefs here. The briefs here. Is this argument made in the briefs here? That is, that the misunderstanding about the burden of proof was an excuse for not submitting the affidavit. Not in my paragraph. I do believe that it's implicit in the argument that says that the board erred in rejecting his re-hearing of proofs because the board's decision constituted new grounds under the BTO's rules. And under the decisions of this court, if the court for example refers to the Enright Kumar case, which is cited in our brief, and Kumar was a case where this court reversed the board's decision because the board had picked a new brain. A numerical brain that had not been a numerical brain relied on by the examiner. And the court said, probably, that when that happened, the applicant had a right to be heard on the new rationale issued by the board. And the court quoted from Enright de Blasio, where the board makes a decision advancing a position or rationale new to the proceedings, an applicant must be afforded an opportunity to respond to that position or rationale by submission of contradicting evidence. That's what happened here. The board, for the very first time in its decision, articulated clearly what it found to be deficient in Mr. Hyatt's submissions. Mr. Hyatt then responded, pointing out where those deficiencies were overcome. The board refused to consider it. They quite plainly, in their decision-denying hearing, said, we're not going to consider it, period. And when they did that, they deprived the PTO itself of the opportunity to consider the applicant's submissions. This is not a case where the applicant sleeps on rights and totally withholds material from the PTO, submitting it to the court for the first time. What was submitted to the court in this case- But nothing prevented him from submitting the affidavit with the PTO, right? Just like I believe if you compare the declaration and the request for re-hearing, you'll find that for purposes of 112, they're the same thing. No, but in terms of the form of the affidavit, nothing prevented him from preparing and submitting that affidavit. No, but I'm not sure why, since it was just a presentation of what was in the specification, that it needed to be in affidavit form as opposed to being in a re-hearing request. So you're suggesting he didn't have to submit it because it wouldn't be useful? No, not at all. He didn't have to submit it in affidavit or declaration format. He could submit it as the rules permit in a re-hearing request in which he presents the arguments, and that's what he did, which is submit an argument form with detailed responses. Isn't there actually a CFR regulation for PTO that limits the submission of affidavits to the board? I'm not at all convinced he would have been able to submit this affidavit to the board at all, given what I understand from 37 CFR 41.33. Do you read that differently? I wasn't reading 41.33. I'd look at 41.50. 37 CFR 41.50 is the provision that deals with what's supposed to happen when the board issues new grounds of decision. Okay, well, assume that I'm not going to go there with you, and let's come back to 41.33, which is the regulation that speaks to when affidavits or other evidence may be filed with the board. And it really seems to limit affidavits to only be filed if the examiner determines the affidavit overcomes all rejections on her PTO or a showing of good faith and sufficient reason why the affidavit or other evidence is necessary and was not presented earlier. So it seems to me that if we were to accept those regulations on their face value, Mr. Hyatt, if he didn't present this affidavit to the examiner himself, it's almost far from presenting it at all if we accept the PTO's interpretation of what could occur at the district. Just more with respect, I submit that's the wrong track in CFR to go. As you're dealing with it, 33 is a section that deals with a rehearing where there has not been a new ground for decision. 50 is the one that applies where there's been a new ground for decision. But the examiner rejected you for written description, and the board affirmed the rejection for written description on several of the claims. And so to the extent that I'm not agreeing with you that 50 is the way to go, it seems to me that it would be strange if the only place Mr. Hyatt could admit his affidavit is during the interventions of the prosecuting, during the prosecution, and he's not permitted to inter them with the board at all according to the regulations as far as I can tell. And then we're not going to let him put him in the district court either according to what the PTO wants to do. In which case, of course, the rules would be denying the PTO and the system the benefit of considering the best evidence on patentability, which doesn't seem to be in anybody's interest. So your argument, as I understand it, is sort of that the regulation, which clearly was enacted by the agency itself to some extent, a regulation which limits the evidence that can be submitted to the board is sort of their own choosing. They chose not to let this new evidence in, but it shouldn't be prevented from entering into the district court. That's an argument that wasn't briefed that way, Judge Moore. It's a different rationale that you could use to reach the same result. But the argument that was briefed was that this was, in effect, under this court's precedence, Kumar and others, this was a new ground of decision. And as a new ground, Mr. Hyatt was entitled to a re-hearing. I don't follow that it's a new ground of decision by the board. It seems to me it was exactly the same ground as the examiner relied on. Justice Schall, I submit, and I'm going to reserve the balance of my time for my rebuttal, that if you compare the examiner's current rejections with the board's extensive rejections, you will find that that is as clear a new ground as has been required in this court's precedence. When you get a new articulation of an objection as opposed to a simple wave of the hand that says it's not there, that's a new ground that, in fairness, requires the board to consider the applicant's response. No further questions? Mr. Hyatt, I have one more question. Mr. Hyatt, under, in Zurich, the Supreme Court said that these proceedings are governed by 706 of the ADA. In Overton Park, the Supreme Court talked about when new evidence can be brought in in a proceeding governed by 706 of a subsection of debt. Does that, as noted in Park, tell us when new evidence can be introduced in an EPO proceeding? Not under 145 proceeding. 145 is a separate statutory mechanism for review with a different legislative history than the statute of Overton Park. And we submit for the reasons that we've briefed that under the history of 145, that's to be a civil action as an equity before we have the marriage of law and equity actions. And as such, it's governed by the federal law. Well, it's not that 706 of this code is saying when you can have new evidence in that proceeding where the review is developed. And the Supreme Court said that's pretty limited. But it's dealing with the general applicability of the ADA, not section 145 specifically. Yeah, the Supreme Court in Circo said the ADA applies unless it's specifically negated in this statute. And we believe section 145 is a specific negation of any rules in that regard. It's a specific opening that says, in contrast to a 141 action, the applicant may present new evidence. And that's the reason for having the dual track. Otherwise, you collapse 141 into 145 and make it meaningless to go before the district court. Mr. Gaskill, to restore the rebuttal time of three minutes, you still have to reserve. But there are some further questions. Is it your view that had the earlier Hyatt panel decision preceded the examiner's resolution of the application, that the outcome would be different? And Hyatt would have been required to file his declaration with the examiner. And failing to do that would be blocked at the district court. If the Hyatt 1 decision had come down prior to the examiner's final office action, then yes. That's correct. If that had been the timeline, I think it's clear under Hyatt 1 that Mr. Hyatt would have been charged with knowing that the burden had shifted and that he had to come forward with a specific response. And that you then agree that anything the applicant would have been required to file with the examiner, if he doesn't, he can't recover by filing the same thing in a district court later in 145. I would agree with that rule of law, for that to be the court's pronouncement. Now, what other limits do you suggest? Other than that the matter proper to the district court can't be something that should have been but wasn't presented to the PTO. Is that the only limit? Otherwise, anything can be presented to the district court in a 145 action? The primary argument in the brief is that the limits are contained in the Federal Rules of Evidence. The secondary argument in the brief is- Well, of course. I mean, that goes without saying. There's no waiver in 145 saying, well, the Federal Rules of Evidence don't apply in 145 proceedings. Of course they apply. But the question is, is that all that applies? There are no other limits besides the Rules of Evidence and the rule that I'm hypothesizing that it's inadmissible if it needed to be submitted to the PTO. The secondary position in the briefs is that the PTO had it right in the NBEP, section 1216.02, which is at page 28 of the brief, where the PTO, prior to this case, recognized that the rule was it was inadmissible if it had been withheld from the PTO as a result of fraud, bad faith, or gross negligence. That's another rule which we submitted in the briefs would be an appropriate rule if the court feels that some limitation beyond the Federal Rules of Evidence is required. There's a rule that seems to be without support in the cases, right? No, the fraud, bad faith, and gross negligence rule does have support in the D.C. Circuit's cases. Which D.C. Circuit cases? Well, the ones that are cited in the brief, a number of the cases, but you could cite most specifically Research Corporation v. Laird in one of the cases. And those cases just speak about withholding with the exception of Newsom, which is quite clear. But in any event, the fact that the PTO might misinterpret those cases doesn't really have much to do with what we should do. No, it's only informative as to what they thought the law was before they got into this litigation. And as to what we contend is the better reading of the D.C. Circuit cases. All right, thank you. Your case? May it please the Court. This is an issue of first impression, I believe, for the Federal Circuit. However, there are several other circuits, and they're cited in the brief, that have addressed this issue. And found, and by the way, the issue is, can new evidence be admitted under an entitlement theory? Or are there limits? And what are those limits? The Second Circuit in Green, the Third Circuit in Barrett, the Seventh Circuit in Belsakar, all have limits. And the tenor of every case is, if you withhold evidence without an explanation, or without a plausible explanation, you will not get that evidence admitted in a 145, or in some of these cases, 146 action. One of Mr. Best's arguments was that it wasn't withheld. It was given to the PTO at the earliest reasonable opportunity on the motion for reconsideration. What's your response to that? It's absolutely incorrect, Your Honor. It's absolutely incorrect. So? The first point he makes is that the examiner did not inform him, or Hyatt, Mr. Hyatt, of the rejection properly enough for there to be a prima facie case. Now that was the new argument that's implicit in his briefing. And he relies on the idea that Hyatt 1 was not decided until after the briefing. Not quite correct. Hyatt 1 was decided in between the blue brief and the red brief. So he did have some opportunity in the reply brief. Be that as it may, Hyatt 1 was not groundbreaking. In the MPEP as cited in Hyatt 1, it says that if the examiner can simply not find the limitation, it's sufficient to inform the applicant of that. So in the rejection- He's not contesting that. He just says that Hyatt couldn't have predicted that at the time he was in front of the examiner or in front of the board. Seems like a reasonable position. Well, but it was in the MPEP at the time he was in front of the examiner and the board. So the statement of the law, as the PTO saw it, that the examiner can say, I can't find this and you have to help me, was in the MPEP. So for him to say, I didn't think that was a prima facie case, well, maybe he can challenge it on that grounds, but he can't say, and I have to- I didn't hear Mr. Bass argue anything about a prima facie case here this morning. Now, that may have been a principle argument in the original briefing, but I didn't hear it this morning. Oh, I'm sorry, Your Honor. I thought that was in response to Judge Dykes' question. I'm trying to figure out whether this evidence offered to Judge Kennedy was really new evidence or not. Bass says, no, it isn't, because it's virtually the same as what was offered to the board on reconsideration. So my question to you is, is it new evidence or not? Well, it's- some of the same arguments are in the affidavit. There's extensive- there's additional arguments in the affidavit that weren't presented in the request for rehearing. The request for rehearing, however, was too late in the agency. But it's also not a declaration. Is there a difference between a legal argument made in a rehearing brief and a declaration, which is evidentiary? Well, that's correct, Your Honor, but the- The brief was presented as evidence before the district court, not as a legal argument. He did not present it as evidence to the PTO, right? That's absolutely correct. And the band, or the bar, is evidence that you could have presented and withheld for whatever reason. Counsel, isn't it true that the PTO has acquiesced in many other cases that I've seen and allowed the introduction of new evidence without any objection in the district court? Absolutely, Your Honor. The PTO's policy is not to object to every piece of new evidence. For example, in Forgo, the- there were test results presented to the board. There was an expert's affidavit presented to the board. And when those- when that expert testified in district court, I understand that the PTO didn't object. At least the record doesn't indicate an objection there. That's the kind of evidence the further testimony is required. In Winner v. Wang, Mr. Winner introduced for the first time to district court all kinds of evidence of commercial success, survey evidence, and all new witnesses. And it specifically says none of which were before the board. The PTO raised no objection. I don't see how that fits within your exception that you've carved out. Winner v. Wang was, if I remember correctly, and I'm checking right now, a- It's a 2000 case written by our chief. That's correct. And it was a 146 action in which the board or the director was not represented. Well, actually, talking here about 145 leads up to this. Not 146, but are you then suggesting by pointing out that this case may have involved 146, are you then suggesting to me that 146 somehow has broader than 145 with regard to the kinds of new evidence that will be admitted? Is your interpretation of 146 that it is broader with regard to the new evidence that one can admit? Well, Your Honor, that's certainly not in the briefing. So if I can just tell you what I think, it's that if there is a difference, 146 is broader. Because if you look at the statutory text, 146 says the record in the agency may be or shall be admitted upon motion of either party. If neither party makes a motion, it leaves hanging what the district court is going to do. Perhaps it's going to do everything, or perhaps it's going to order the parties to produce a record. It also talks about further testimony in Section 146. That's the part of RS 4915, the predecessor that covered both types of cases, that was removed from RS 4915, put in 146, and not put in 145. So if there is a difference, you can read it in the statutory text, and the 145 action is justifiably titled. Now, I don't believe that Wang proves that, because the parties in the 146 action can agree not to object to each other's objection. I just want to make sure I understand. Did I understand your assertion of how we should interpret the statute? Your assertion is that 145 should be interpreted as more stringent or narrow with regard to the types of new evidence that are introduced in 146. That's not in the briefing, Your Honor, because the issue isn't here. But you distinguished Winner v. Wang on the basis that you said, oh, no, Your Honor, that's a 146 action, not a 145 action. And so by inference, you're suggesting that since in 146 they allowed him all this stuff, it might have been okay there, but it's not okay in 145. Well, we don't have a record of the objections that might have been made by the parties in Winner. So the fact that each side bolstered its case may actually have been by agreement of the parties that you put in whatever you want and I'll put in whatever I want. Can the parties agree to disregard the statute? If the statute says no new evidence, can an agreement by the parties permit new evidence overcome with their language of the statute? Well, under the federal rules of evidence, if there is no objection to new evidence, for example, hearsay evidence. I'm sorry, I used new, but actually it's barred evidence, hearsay evidence. Then the court typically doesn't rule and say, I'm disallowing this evidence. The court waits for the objection from the other party. If no one objects to the entry, the evidence is generally admitted absent some special circumstance. So where neither party objects, it's difficult to find error in the district court for not excluding that evidence. And when it comes to the federal circuit, the standard of review is very deferential to use of discretion. Oh, okay, hold on. Why is the standard of review of the federal circuit of use of discretion? I found it troubling in your brief when you suggested this was a matter of regional circuit law and not federal circuit law. Well, in conserva light, the court uses the abuse of discretion standard. When it says you've abused your discretion district court, you let in this evidence over objection. And this evidence is beyond the scope of 146. That was an abuse of discretion because you district court didn't understand the law. Counsel, you didn't cite in your brief Sulzer versus Picanol, which is a 2004 case. Let me quote it to you. Where a district court rules as a matter of patent law, the party is precluded from introducing evidence to be applied federal circuit law and review the district court's rulings de novo. How do you think that impacts your claim that this is regional circuit and not federal circuit law? Isn't that exactly what this case is? A district court ruling is a matter of patent law, i.e. interpretation of section 135. Certain evidence cannot be introduced. Well, I say that it's not as close as conserva light, which preceded the 2004 case. It's a 1994 case. So even if there is some conflict, conserva light, which is closer to our case, is in fact the law. Now, conserva light specifically says we review that for abuse of discretion, and it says you abuse your discretion. What do we review for abuse of discretion? The decision to allow or disallow the entry of new evidence. Right. In the context of a 145 action? Conserva light is in the context of a 146 action. So it's the closest case on point in the federal circuit. It's pretty surely a question of whether you're allowed to submit additional evidence to the district court. What kind of evidence? It's a question of patent. It's a question of interpretation of 145 and perhaps 706 of the ADA. It's not just an ordinary evidentiary ruling. We have a legal decision by the district court here, right? Well, I don't think that there is a distinction to be drawn between the evidentiary ruling here and that in a typical case. Each case is whether the law allows this type of evidence. So to the extent that the question is whether this is an initial patent law or not, I believe that that conserva light actually discusses that and says, but I can't say for sure, that it's the regional circuit that makes that decision. Be that as it may, in conserva light they used an abuse of discretion standard. Counsel, what regional circuits would ever hear this case? What regional circuits would ever hear a case of evidence, whether it should be included or excluded, in a 145 action? None, Your Honor. None, absolutely. It's not going to be about a regional circuit law. There's no concerns like exist in Panduit and Biodex and other cases, are there? Of confusion at the district court level about which law will apply? None of that exists here, does it? No, Your Honor. What exists here is this court's statement in conserva light that the standard is abuse of discretion. So regardless of whether you look to the DC circuit and how it treats evidentiary rulings or this court's own precedent in the closest possible case, you have an abuse of discretion standard. Could I ask you a question related to something you said earlier? You said that when 145 and 146 were made separate statutes, they included some of the language, such as relating the new testimony to 146 but not in 145, and you suggested that that decision by Congress might have some significance. What is the legislative history of why we have different language in 145 and 146? Well, Your Honor, the legislative history is extremely sparse. When did it happen? It happened in the 1952 act. 4915 was previously 145 actions, the equivalent, and 146 equivalent. It became two actions, and if you read the House report, which we cited, also the Senate report has identical language. It says there's no fundamental change here. We are only doing procedural changes and separating the two. If you read P.J. Federico's commentaries, he goes over what the procedural changes are. None of them address Judge Moore's question from earlier, which is, is there more evidence in 145 and more evidence allowed in 146? So there's no explanation in the legislative history as to why they chose different language for the two sections? There's none, and that's why I cautioned the Court when I answered Judge Moore's question, that that's a possible statutory fix, but there's no legislative history to indicate that that's what Congress intended to do. The only statement in the House report and the Senate report is we don't see much change. But if there's different language, at least in the absence of legislative history, then we'd have to assume that Congress intended something different about the two sections. I believe that you're correct. However, that's not the issue in the case, so it wasn't fully brief. We don't have the Director's position, but I believe you're absolutely correct that when they say two different things, they mean it. Now, the legislative history cuts against that because it says no fundamental change. No fundamental change was intended. Now, however, if we look at the case law prior to 1952, we see that perhaps there's a tighter rein on evidence in 145 actions or their equivalent under the statute which didn't have a change. And that, I believe, is – and I'm into my time, but I'll finish the answer if it's okay – that, I believe, reflects the fundamental difference between an interference and an ex parte examination. The parties don't really owe each other a duty in an interference. The party before the agency owes the agency a duty because it's an ex parte action. They owe the agency the duty of full disclosure, which did not happen here. Counsel, I have in front of me a conservative-like case. There was a little disadvantage in your citing a minute ago. But now that I have it here and I'm looking at it, it says to me very clearly that this case, that this report has made a testimony on an entirely new issue that had never been raised below. And that's what it concludes was an abuse of discretion. It doesn't seem at all to be analyzing the type of evidence in an issue that is not new. We have lots of precedent that says you can't go forward with an entirely new issue at the district court level. Isn't that correct? And you're not asserting this is a new issue, are you? You don't agree – I mean, actually, I think your opponent suggested the board made this a new issue, and you don't agree with any of that. You contend, I assume, that the written description and rejection has been the same throughout. That's absolutely right. This is not a new issue. So ConservAlight, when they focus on abuse of discretion or allowing testimony on a completely unrelated issue never raised below, is not at all governing in this case, is it? This case is not on all fours, and ConservAlight does not bind this court in the prime questions. However, it's the closest case that the court has to work with. What do you propose that we hold, assuming we rule in this case? Well, Your Honor, I would propose that you hold that the district court correctly excluded the affidavit, that the district court's decision, which ultimately said that the written description and rejection was supported by substantial evidence, be affirmed, and that the case be sent back to the CTF. Fine, but what will the rule be with respect to what is and what isn't admissible in the 146 action in the future? Well, the same as it is under the D.C. Circuit's law, or was under the D.C. Circuit's law, which is when you intentionally or negligently withhold evidence, and the gravamen of that standard is withheld some evidence without any explanation. When you do that, you can't come to the district court and expect to get entry of that evidence. All right, thank you. Two brief points. First, in response to Judge Moore's question, we believe that the scope of admissible evidence in 145 proceeding is broad, not narrow, in the matter of 146. The reason for that- Is it because of the testimony in language in 146? It's because of both the language in 146, and it's also because of the nature of an interference. In an interference, you have contested parties. You have an ability to focus the issues. You have a back and forth. You don't have sort of a- let me use the term- ex cathedral pronouncement that comes after all the briefing, where you haven't really heard from the other side, that is the board, until the board renders its decision. And therefore, because of the fact that the ex parte proceedings to the board are not contested proceedings, and you don't have the same opportunity for sharpening the issues and presenting the adverse evidence, we think it should be broader in 145 than in 146. What statutory language supports that? The testimony language in 146. Now, we think that the case law- How does that support it? The indication in the legislative history, as we read the statute, and as Judge Newman discussed the legislative history in the Friegel opinion, 776 and 5th section, shows that the history of the proceedings in equity for the new action was to bring in new evidence, to bring in testimony. That's what the precedent shows. Now, the second point that I'd like to make in response to Judge Dyke's question about the difference between evidence and argument is to focus the court's attention on MVEP. This is not cited in the briefs, but MVEP 1214.01, which is this procedure that is to be followed where there is a new ground for decision. The procedure is split into an evidence portion versus an argument portion. And the procedure says that if there is an amendment to the claim or if there's new evidence, the case goes back to the examiner when there's been a new ground, not to the board. But if what's being presented is argument, it goes to the board in the form of a rehearing request. The board option was the option Mr. Hyatt chose here because he basically argued there was no new spec. There couldn't be a new spec without it being a new method. He argued that on the basis of the specification that was already on the file, there was adequate disclosure in that specification. That constitutes new argument under the MVEP as we read it, and under this court's decision on what constitutes new grounds, and therefore was properly presented in a non-affidavit or non-declaration format, and instead in the format of a brief. But nonetheless, it's new grounds, new argument, which the board, in our opinion, fatally failed to consider and therefore deprived the PTO of the opportunity to consider the best evidence. If that was your view, why didn't you just appeal here and ask for us to reverse the board for a wrongly denied reconsideration? Well, because there is an option to go either way, and in the 145 action, you have the option of both that argument, which was advanced, and the argument based on additional evidentiary material. And I assume since the PTO had not objected in many other cases to the introduction of this kind of evidence, you assume they wouldn't care as well. It's very difficult to tell from the reported cases when the PTO line is going to strike and when they're going to object and when they're not going to object. Is it clear to you that the thrust of the declaration is evidentiary and factual as opposed to legal argument linking the claim terms with where the supporting messages appear in the specification? There's a technical answer, which is it's in the form of a declaration and therefore falls in the evidence category. But in reality, I believe the declaration consists of two separate parts. There is some biographical, historical, factual information in the declaration, which was not contained in the record before the PTO. But then there is the argument section of the declaration, which I submit is substantively different in language but not in content from Mr. Hyatt's own rehearing request. If it's legal argument, then what difference does it make as far as the district court is concerned? We're not dealing with an admission of evidence question. We're dealing with a question of whether the district court gave sufficiently of a legal argument. The complication, I think, Judge Dikey, is that this Court's precedence established that the issue of adequacy of disclosure under 112 is a factual issue. And it is a factual argument over whether the specification disclosed explicitly or implicitly to one having ordinary knowledge in the art. That, the inventor would have said. But it's not a factual issue if you have things which are legal arguments. And I'm confused now as to whether you're saying that this affidavit is evidence or whether it's just a legal argument. The declaration is evidence. The declaration contained a portion of it which was argument, but it really was factual argument because the nature of a 112 issue is a factual determination. If it's factual argument and there's some value to putting it in the form of declaration, why not give the PTO the value of having it in the form of a declaration rather than as legal argument? Because the way the appeals rules are set up, you can either go re-hearing before the Board, and it defines it as re-hearing on the same record, which under the PTO's rules means the IDSs that were submitted below. Or you can go back to the examiner for submission of new evidence. It makes that distinction. And in one way... Could have taken it back to the examiner and presented the declarations as evidence. Could have presented the material as a new IDS, perhaps, or as a form of a declaration rather than a re-hearing argument. But the avenues are open to it either way at the Board. Mr. Hyde's decision was that the way to go was to ask the Board to re-hear. It's plain, I think, that the Board spent a lot more time with this application than the examiner had. The Board's explications are much more thorough, much more extensive than the examiner's court dismissals. Do you agree with Mr. James as to the legal standard here? No, we think clearly that this is controlled by federal circuit law and not by the regional circuit law. No, no, no, but as to what will be excluded. It must be understandable, if I can paraphrase him well enough, that if the evidence offered in the district court had been withheld through fraud or negligence from the PTO, that it wouldn't be admissible. No, we do not agree. A negligence standard would collapse 141 into 145. Well, I thought your position was we weren't negligent. There was no way we would have been unnoticed if we had to file any declaration either in front of the examiner or in front of the Board. And if that's correct, then you met the legal standard that he says applies. That is another argument presented in the briefs, but our primary argument there is that it is not a negligence standard, but gross negligence. If the negligence standard were adopted, the district courts are already under tremendous practical incentive not to admit new evidence, because if they don't admit new evidence, they get to review the record under a substantial evidence test rather than under a de novo test. And I think the court will recognize that there are going to be incentives to the district court to keep the new evidence out because it changes the burden that the district court would have to undertake. Negligence, in retrospect, is all too easy to find. And we submit that in order to preserve the distinction between 145 and 141, it's important to open the door wider to new evidence. Counselor? Well, where is it, Delma? One other question, Delma. So I just want to make sure I understand and appreciate your argument. Your argument to us, as I understand it, is that, because I, like my colleagues, struggle with the notion of why the patent piece shouldn't have upon them the burden of bringing all of the evidence to the PTO to give the expert agency the first crack at that before it hits the district courts. But as I understood your response, it is that Congress made a policy decision and that even though we can come up with policy reasons why we think it makes more sense to force them to bring all evidence in the PTO, your argument to us is that the statute and the legislative history clearly supports the notion that Congress intended otherwise and that it's, in their hands, not ours to make those sorts of policy decisions. On the general question, that's correct. On the specifics of this case, we submit that Mr. Hyatt did, at the first opportunity, present it to the PTO. This is not something he withheld from the PTO and sprung on the district court. It was in his request for me to hear. Thank you, Your Honor. Thank you both for taking the appeal under your discretion.